UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Case No. _____ |
| STEADFAST INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**COMES NOW,** Plaintiff Scottsdale Insurance Company ("Scottsdale") and files its original complaint for declaratory judgment against Defendant Steadfast Insurance Company ("Steadfast"), pursuant to 28 U.S.C. §2201 *et seq.* and Federal Rule of Civil Procedure 57, and would show the Court as follows:

### PARTIES

1. Scottsdale is a foreign corporation organized and existing under the laws of the State of Ohio and having its principal place of business in the State of Arizona.

2. Steadfast is a foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business in Shaumburg, Illinois.  Steadfast may be served by serving the Insurance Commissioner at the Texas Department of Insurance, 333 Guadalupe, Austin, Texas 78701.

### JURISDICTION AND VENUE

3. Jurisdiction exists for the purpose of determining a question of actual controversy

between the parties under 28 U.S.C. §1332 and 28 U.S.C. §2201 *et seq*. The jurisdiction of this Court is based upon the complete diversity between Scottsdale and Steadfast, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4. Venue is proper in this Court because it is the judicial district where a substantial part of the events and omissions giving rise to the claim occurred, and in which the underlying state court lawsuit that is the basis of this suit was litigated.

## THE UNDERLYING LAWSUIT

5. This declaratory action is based on events in and surrounding an underlying state court action styled *William Aguilar, as Next Friend of Jack Aguilar, a Minor v. 214-7 CVP Holdings, LLC, et al.,* and pending as cause number 2013-20015 in the 61st District Court for Harris County, Texas (the "Underlying Lawsuit"). The Underlying Lawsuit arose out of an incident which occurred at the CityView Place Apartments on or about April 7, 2011. On that date, five-year old Jack Aguilar ("Jack") and a group of children gained access to a swimming pool on the property through a gap in the fence. Jack was found unresponsive at the bottom of the pool by a bystander. He allegedly suffered serious and permanent bodily injuries because he was purportedly able to gain access to the pool in question due to the defendants' failure to build, inspect, maintain, manage and otherwise provide a safe environment and proper barrier to the pool.

6. In the Underlying Lawsuit, Jack's father, William Aguilar ("Aguilar"), sued based on negligence, negligence per se, premises liability, attractive nuisance, and *res ipso loquitur*. Aguilar did not initially sue Kaplan Management Company, Inc. ("Kaplan") and, instead, sued "John Doe Management." However, Kaplan was added as a defendant by Aguilar's first amended petition filed on March 10, 2010. Essentially, Aguilar alleged the defendants had a duty to prevent children from

accessing the pool and failed to properly inspect and secure the property and pool areas. 214-7 CVP Holdings, LLC, 214-7 CVP Holdings Limited Partnership and 214-7 CVP General Partner Holdings, LLC (collectively, "CVP") were sued as the owner of CityView Place Apartments and Kaplan was sued as the property manager of the apartments.

## THE INSURANCE POLICIES

7. Scottsdale issued CW Financial Services, LLC (and others, including CVP) commercial general liability policy number BCS0022045, effective May 1, 2010, to May 1, 2011 (the "Scottsdale primary policy"). The Scottsdale policy provides liability limits of $1,000,000 per occurrence and $2,000,000 in the aggregate. Scottsdale also issued an excess policy above its primary coverage as policy number XLS0066777, effective May 1, 2010 to May 1, 2011 (the "Scottsdale excess policy"). The Scottsdale primary policy includes a commercial general liability coverage form which insures for claims or suits seeking damages for "bodily injury" or "property damage" caused by an "occurrence" for which the insured is legally liable.

8. The Scottsdale primary policy provides liability coverage, in part, as follows:

> We will pay those sums up to that applicable Limit of Insurance that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> (1) The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and
>
> (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgment or

      settlements under Coverage **A** or **B** or medical expenses under Coverage **C**.

      No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under the Supplementary Payments - Coverages **A** and **B**.

   b.   This insurance applies to "bodily injury" and "property damage" only if:

      \*      \*      \*

   (2)   The "bodily injury" or "property damage" occurs during the policy period[.]"

9.   Steadfast issued to Kaplan commercial general liability policy number SCO 3808274 06, effective May 29, 2010, to May 29, 2011 ("the Steadfast policy"). The Steadfast policy includes a commercial general liability coverage form with substantially similar language to the Scottsdale primary policy, which insures for claims or suit seeking damages for "bodily injury" or "property damage" caused by an "occurrence" for which the insured is legally liable.

## BASIS FOR DECLARATORY RELIEF

10.   Scottsdale defended CVP and Kaplan (CVP's real estate manager). Kaplan qualified as an additional insured under the Scottsdale primary policy, pursuant to the following provision:

**SECTION III-WHO IS AN INSURED:**

      \*      \*      \*

   **2.**   Each of the following is also an insured:

      \*      \*      \*

   **b.**   Any person . . . or any organization while acting as your real estate manager.

11. In spite of numerous demands, Steadfast refused to participate in the defense and indemnity of any party in the Underlying Lawsuit. Counsel for CVP and Kaplan evaluated the potential exposure for the underlying defendants as being between $8 and $10 million and the settlement value being as between $1.8 and $2 million. This information was provided to Steadfast along with other updates regarding the Underlying Lawsuit. In spite of this information, as well as numerous demands it participate in the settlement of the Underlying Lawsuit, Steadfast wholly breached its duties by refusing to meaningfully participate in, *inter alia*, settlement negotiations. In order to protect CVP's and Kaplan's interests, Scottsdale agreed to settle the Underlying Lawsuit for the sum of $2,000,000.00. This settlement was paid under both the Scottsdale primary policy and the Scottsdale excess policy, with Scottsdale first exhausting its primary policy's $1,000,000.00 limit of liability and Scottsdale paying the sum of $1,000,000 under its excess policy.

12. Scottsdale seeks a declaration from this Court that Steadfast breached its duty to defend the underlying defendants and to participate in the settlement of the Underlying Lawsuit. Scottsdale also seeks a declaration that it is entitled to reimbursement from Steadfast for Steadfast's share of the defense costs and settlement payment as to the Underlying Lawsuit. Applying the policies' plain and unambiguous terms and provisions to the allegations asserted against CVP and Kaplan in the Underlying Lawsuit, Scottsdale is clearly entitled to a declaration that Steadfast must reimburse Scottsdale due to Steadfast's breaches of its duties owed as to the Underlying Lawsuit.

13. Alternatively, in the event that the Court does not find Steadfast had a duty to defend as to the Underlying Lawsuit, Scottsdale seeks reimbursement for settlement payments made under the Scottsdale excess policy.

## JUSTICIABLE INTEREST

14. An actual controversy exists between the parties hereto within the meaning of 28 U.S.C. §2201 *et seq.*, and this Court is vested with the power in the instant case to declare and adjudicate the rights and other legal relationships of the parties to this action with reference to issues raised by this Complaint.

**WHEREFORE, PREMISES CONSIDERED**, Scottsdale prays for judgment as follows:

1. That the Court adjudicate and declare Steadfast had a duty to defend and indemnify the underlying defendants in the Underlying Lawsuit;

2. That the Court adjudicate and declare that Scottsdale is subrogated to the rights of the underlying defendants against Steadfast;

3. That Scottsdale have judgment against Steadfast for Steadfast's share of the defense and settlement costs in the Underlying Lawsuit, and for the reasonable attorney's fees in this lawsuit; and

4. That Scottsdale be awarded such other and further relief, legal or equitable, general or specific, to which it may show itself to be justly entitled.

Respectfully submitted,

**WALTERS, BALIDO & CRAIN, L.L.P.**


BY: */s/ Gregory R. Ave*_____
      Gregory R. Ave
      greg.ave@wbclawfirm.com
      Texas State Bar 01448900
      Steven R. Shattuck
      Steve.shattuck@wbclawfirm.com
      Texas State Bar 18133700
      Meadow Park Tower, Suite 1500
      10440 North Central Expressway
      Dallas, Texas 75231
      Facsimile Number (214) 347-8311
      Telephone Number (214) 347-8310

**ATTORNEYS FOR PLAINTIFF
SCOTTSDALE INSURANCE COMPANY**